UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Richard Jerome Nelson,                    ) C/A No. 2:10-3262-RMG-BM
                                          )
                    Plaintiff,            )
                                          )
vs.                                       ) Report and Recommendation
                                          )
The Presidency of the United States,      )
                                          )
                    Defendant.            )
                                          )

This is a civil action filed *pro se* by a resident of Ladson, South Carolina. Plaintiff claims that he has been subjected to emotional distress and "attempted assassination" since 1992 due to his belief/feeling that someone is watching him and that someone thinks he has done something illegal or dangerous. Plaintiff seeks "one trillion dollars" as damages and injunctive relief from "the Presidency of the United States." The injunctive relief requested is for "the Presidency" to provide Plaintiff with information about whether or not he (Plaintiff) is currently (and since 1992) under surveillance by federal authorities who believe that he poses a danger to society.

Plaintiff attaches to his Complaint letters from several federal officials and agencies that span the years 1992-1996 and that appear to have been written in response to similar requests for information made to various federal officials and agencies. None of the letters disclose any available information about the surveillance issue. Most indicate that such information was not found in the records searched or that no such information was otherwise available. Plaintiff does not allege that any of the responses he received were improper or that they wrongfully withheld any records

1

from him. Plaintiff also does not refer or cite to any federal statute or constitutional or treaty provision as a basis for this Court to exercise subject matter jurisdiction over his claims.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case pursuant to 28 U.S.C. § 1915 (as amended), other provisions in the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979); *see also In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Even when considered under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal for lack of subject matter jurisdiction. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S.

534, 541 (1986), and which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). It is also to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. However, the allegations contained in the Complaint do not fall within the scope of either form of this Court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident.

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires **_complete_** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) <u>citizens of different States</u>[.]

28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). This Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because the only Defendant named is, arguably, a federal entity or agent/administrator, who/which has no state citizenship for purposes of the diversity statute. *See General Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 704-05 (7th Cir. 1991); *Weeks Constr., Inc. v. Oglala Sioux Hous. Auth.*, 797 F.2d 668, 676n. 10 (8th Cir. 1986); *CPS Electric, Ltd. v. U.S.*, 166 F. Supp.2d 727, 729 (N.D.N.Y. 2001). Hence, even if Plaintiff's allegations would be sufficient to

3

support a finding that the $75,000 jurisdictional amount would be in controversy in this case, this does not matter in this case because, in absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, it is clear that the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this Court's "federal question" jurisdiction. While Plaintiff claims that he has suffered personal injury as the result of his fear/concern over being placed under surveillance by unknown federal agents, his allegations do not contain any reference to alleged violations of any federal statute, treaty, or constitutional provision by Defendant, nor is any type of federal question jurisdiction otherwise evident from the face of the Complaint. Further, even if Plaintiff had made assertions that his federal rights were violated, this Court would not be bound by such allegations and would be entitled to disregard them if the facts did not support Plaintiff's contentions, for when considering the issue of whether a case is one "arising under the Constitution . . ." or, in other words, whether "federal question" jurisdiction is present, a federal court is not bound by the parties' characterization of a case. Rather, district courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." *Lyon v. Centimark Corp.*, 805 F. Supp. 333, 334-35 (E.D. N.C. 1992); see *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908); *cf. Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109 (1936)("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."); *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should

4

permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review.").

Given this Court's duty to liberally construe a *pro se* litigant's pleading, the undersigned has done so and finds that the only potential bases for this Court to exercise federal question jurisdiction over Plaintiff's personal injury claim evident from the face of the pleading would be: (1) as a constitutional violation claim under 42 U.S.C. § 1983/*Bivens*; (2) as a claim against the United States as the employer of a tortfeasor under the Federal Torts Claim Act (FCTA), 28 U.S.C. § 2675; or (3) as a long-belated appeal from the Department of Justice's July 12, 1996 response to Plaintiff's Freedom of Information Act (FOIA) request, 5 U.S.C. § 552, which is not discussed in the body of the Complaint, but which is part of the exhibits to the Complaint. Following review, however, it is clear that the allegations contained in the Complaint fail to establish a viable claim under any of these federal statutes, which are discussed, in turn, below.

In order to state a cause of action under 42 U.S.C. § 1983[1] or the *Bivens* Doctrine,[2] a plaintiff must allege that: (1) the defendant deprived him or her of a federal right, and (2) did so under color

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417 (6th Cir. 1996) (emphasis added).

[2] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988).

of state [or federal] law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action," *See, e.g., Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982), while in a *Bivens* claim, the challenged conduct must constitute "federal action." Hereinafter, use of the term "state action" also encompasses "federal action."

To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State [or federal government] or by a rule of conduct imposed by the State [or federal government] or by a person for whom the State [or federal government] is responsible," and "the party charged with the [conduct] must be *a person* who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. at 937(emphasis added); *see United States v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of Am., AFL-CIO*, 941 F.2d 1292 (2d Cir.1991). It is further noted that in order to state a viable claim for relief under either § 1983 or the *Bivens* Doctrine, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002).

It is also well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983/*Bivens* action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult

6

Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991).

Here, Plaintiff's Complaint does not state a viable § 1983/*Bivens* claim because he fails to specifically claim that any of his federal constitutional rights were violated by anyone or anything. Also, his allegations do not name a potentially liable § 1983/*Bivens* defendant. Plaintiff's use of the terminology "the Presidency of the U.S." to name the sole Defendant is the equivalent of naming an office building or using an impersonal, collective term such as "medical staff" as a defendant. The Presidency references the elective office, but not to the *person* who holds that office. *See* http://www.thefreedictionary.com/presidency (last consulted 1/21/2011).

Second, to the extent that the Complaint allegations could be liberally construed as an attempt to state a personal injury claim under the *Bivens* Doctrine against the President of the United States, himself, arising from his official activities as the head of the executive branch of the United States government, such a claim is barred by the doctrine of sovereign immunity. The United States, its departments, and agencies cannot be sued without its express consent, and express consent

7

is a prerequisite to a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The United States has not consented to suit under the *Bivens* Doctrine, and the bar of sovereign immunity cannot be avoided by naming officers or employees of the United States, such as the President, as defendants. *Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). *Cf. Hawaii v. Gordon*, 373 U.S. 57, 58 (1963). The current President of the United States and the former Presidents are immune from suits concerning their official acts. *See Idrogo v. U.S. Army*, 18 F. Supp. 2d 25 (D.D.C. 1998).

Moreover, even if this case were treated as one brought against the United States (as the employer of the President) under the FTCA, the United States would be entitled to summary dismissal because there are no allegations or any other circumstances showing that Plaintiff properly exhausted his administrative remedies under that Act prior to filing this lawsuit. Under the well-established legal doctrine of sovereign immunity, the United States, its departments, and agencies cannot be sued without its express consent. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). One of the few areas in which the United States government has waived its sovereign immunity is in the area of personal injuries allegedly caused by government officials or employees. Under specific and limited circumstances, an injured party may sue the United States for damages alleged caused by an agency,[3] or by federal employees or officials. Litigants must strictly comply with the requirements of the FTCA, *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979), and the burden is on the plaintiff in a FTCA case to prove that he/she completed all the conditions precedent to

---

[3] Suit under the FTCA lies only against the United States. A federal agency under the FTCA, *see* 28 U.S.C. § 2671, may not be sued directly on claims brought under 28 U.S.C. § 1346(b). Rather, it is expressly provided that "(t)he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title . . . ." 28 U.S.C. § 2679(a).

8

filing a lawsuit. *Kielwien v. United States*, 540 F.2d 676, 679 (4th Cir. 1976). Although Plaintiff does not refer to the FTCA anywhere in his Complaint as the basis for his law suit, even if he did, that aspect of the Complaint would be subject to summary dismissal because there is no indication that Plaintiff complied with FTCA pre-suit requirements such as the filing and prosecution of formal administrative claims with the appropriate federal agencies before commencement of a civil action in a district court. *See* 28 U.S.C. § 2675; *Myers & Myers, Inc. v. U. S. Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975); *see also* 28 C.F.R. § 14.2 and the "STANDARD FORM 95." *See generally* Diane M. Allen, Annotation, *When Is Claim Properly Presented to Federal Agency, under 28 U.S.C.A. § 2675(a), for Purposes of Satisfying Prerequisite to Subsequent Suit under Federal Tort Claims Act*, 73 A.L.R. Fed. 338 (2004).

Finally, to the extent that Plaintiff's Complaint could be liberally construed as seeking a long-belated appeal from the FBI's 1996 response to his FOIA request, it is still subject to summary dismissal because there are no allegations showing that the agency ever improperly withheld any relevant records from Plaintiff. Further, a requester may generally seek judicial review of a FOIA request only after he has exhausted all administrative remedies. *See Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 58 (D.C. Cir.1987); *Stebbins v. Nationwide Mut. Ins. Co.*, 757 F.2d 364, 366 (D.C. Cir.1985); *see also Pollack v. Dep't of Justice*, 49 F.3d 115 (4th Cir. 1995). To properly begin the exhaustion of administrative remedies process, the requester must make a proper request under the FOIA by filing his request with the proper official/office of the applicable agency in accordance with the terms of that agency's regulations. *See Kessler v. United States*, 899 F. Supp. 644 (D. D.C. 1995)(IRS records); *see also Am. Fed'n of Gov't Employees v. U. S. Dep't of Commerce*, 907 F.2d 203, 209 (D.C. Cir. 1990). Relying only on the letter from the Department of

9

Justice that is part of the exhibit to his Complaint, there is no way for this Court to determine whether or not Plaintiff fully exhausted his administrative remedies. However, assuming without deciding that he *did* exhaust his remedies with the Department of Justice in 1996, his Complaint still fails to state a viable FOIA claim within this Court's subject-matter jurisdiction.

In order to obtain judicial review of a FOIA request response by a federal district court, there must be sufficient allegations in a complaint to clearly raise the necessary issues for federal subject-matter jurisdiction of whether a federal " 'agency has (1) "improperly" (2) "withheld" (3) "agency records." ' " *U.S. Dep't of Justice v. Tax Analyster*, 492 U.S. 136, 142 (1989)(quoting *Kissinger v. Reporters Comm. For Freedom of Press*, 445 U.S. 136, 150 (1980)). Careful review of the allegations contained in the Complaint filed by Plaintiff disclose nothing specifically claiming that the Department of Justice improperly withheld any information from Plaintiff in response to his FOIA request. In fact, there are no specific references to the FOIA request at all in the Complaint, and the only way the Court is aware that one was made is the letter contained in the exhibit to the Complaint. Accordingly, there are insufficient allegations to show that this Court has subject matter jurisdiction of Plaintiff's Complaint under FOIA. *See* 5 U.S.C. § 552 (a)(4)(B).

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).



10

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

January 26, 2011
Charleston, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

12

