IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Richard Jerome Nelson, )
    Plaintiff, )    Case No. 2:10-3262-RMG-BM
)
vs. )    **ORDER**
)
The Presidency of the United States, )
)
    Defendant. )
_____ )

This is a *pro se* complaint alleging that Plaintiff has suffered emotional distress and "attempted assassination." As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. Plaintiff filed this action *in forma pauperis* and thus the action is subject to review pursuant to 28 U.S.C § 1915 (e)(2)(B). A federal district court is charged with liberally construing a compliant filed by a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89 (2007). The Magistrate Judge has issued a Report and Recommendation that the Court dismiss the Complaint. The Magistrate Judge advised the plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. The Plaintiff has not filed objections and this Court has thus reviewed the Record in this matter for any clear errors of law and has found none. As explained herein, this Court agrees with the Report and Recommendation and dismisses the Complaint.

**LAW/ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court.

Page 1 of 6

*Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

As stated above, this Court has reviewed the Record for clear errors of law and agrees with the magistrate judge's Report and Recommendation. The Complaint is subject to summary dismissal because this Court lacks subject matter jurisdiction over the matter. Federal courts possess only that power authorized by Constitution and statute (*Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 457 U.S. 534, 541 (1986)) and are therefore courts of limited jurisdiction which can not be expanded by judicial decree (*American Fire & Casualty Co. v. Finn*, 314 U.S. 6 (1951)). The allegations in the Complaint do not show any grounds for jurisdiction based on "federal question"[1] or "diversity of citizenship,[2] the two most common bases

---

[1] Under 28 U.S.C. §1331 the district courts shall have original jurisdiction of all civil action arising under the Constitution, laws, or treaties of the United States.

[2] Under 28 U.S.C § 1332(a) the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–

(1) Citizens of different States[.]

for federal court jurisdiction, and there is no other basis for federal jurisdiction evident in the Complaint. First, the plaintiff's Complaint does not allege violations of any federal statute, treaty, or constitutional provision. Even when this Complaint is liberally construed there are only three potential bases for federal question jurisdiction over this matter: (1) a constitutional violation claim under 42 U.S.C. §1983/*Bivens*[3]; (2) a claim against the United State as the employer of a tortfeasor under the Federal Torts Claim Act (FCTA), 28 U.S.C §2675; or (3) as a belated appeal from the Department of Justice's July 12, 1996 response to Plaintiff's Freedom of Information Act (FOIA) request, 5 U.S.C. §552. As discussed below, however, the allegations in the Complaint fail to establish a violation of any of these federal statutes.

The plaintiff cannot succeed on a §1983/*Bivens* claim because the alleged conduct does not constitute a violation of Plaintiff's constitutional rights by anyone or anything acting under the color of state [or federal] law. *Gomez v. Toledo,* 446 U.S. 635, 640 (1980). The Complaint also fails to name a defendant liable for §1983/*Bivens* claim. Plaintiff names the defendant "the Presidency of the United States" which is equivalent to naming an object or collective body of people as the defendant and is therefore not liable for §1983/*Bivens* claims. *See Allison v. California Adult Auth.,* 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno,* 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under

---

[3] Section 1983 provides a private civil cause of action based on allegations of federal constitutional violations by any person acting under color of state law. The Supreme Court established an analogous cause of action under the United States Constitution against federal officials who violate federal constitutional rights. *Biven v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 397 (1971).

42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294,1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); *Cf. Roach v. West Virginia Regional Jail and Correctional Facility*, 74 F.3d 46,48 (4th Cir. 1996) and *Barnes v. Barkersville Corr. Cen. Med. Staff*, No. 3:07cv00195, 2008 WL 2564779 (E.D. Va. June 25, 228); *Martin v. UConn Health Care*, No 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09,2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991) (all stating that to adequately state a §1983 claim the plaintiff must specifically name the defendant who violated his rights).

The plaintiff could not succeed on a *Bivens* claim against the President of the United States, himself, arising from his official duties as the head of the executive branch of the United States Government, because such a claim is barred by the doctrine of sovereign immunity. The United States, its department, and agencies cannot be sued without its express consent. *United States v. Mitchell*, 436 U.S. 206, 212 (1983). The United States has not consented to suit under the *Bivens* Doctrine and the President of the United States is immune from suits concerning their official acts. *See Idrogo v. U.S. Army,* 18 G. Supp. 2d 25 (D.D.C.1998). Even if this action was brought against the United States under the FTCA for personal injuries allegedly caused by government agencies, officials or employees, it would be summarily dismissed because sovereign immunity will not be waived if the plaintiff fails to strictly comply with the pre-suit requirements of the FTCA. *See* 28 U.S.C. §2675; *Myers & Myers, Inc. v. U.S. Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975); *see also* 28 C.F.R §14.2 and the "STANDARD FORM 95." *See generally* Diane M. Allen, Annotation, *When is Claim Properly Presented to Federal Agency, under 28 U.S.C.A §2675 (a), for Purposes*

*of Satisfying Prerequisite to Subsequent Suit under Federal Tort Claims Act*, 7 A.L.R. Fed. 338 (2004).

This Court does not have subject matter jurisdiction over the Complaint even if it is considered an appeal from the FBI's 1996 response to Plaintiff's FOIA request, because the plaintiff does not offer evidence that the agency withheld relevant records from him and he did not exhaust all administrative remedies before seeking judicial review. *See Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 58 (D.C. Cir. 1987); *Stebbins v. Nationwide Mut. Ins. Co.*, 757 F.2d 364, 366 (D.C. Cir. 1985); *see also Pollack v. Dep't of Justice*, 49 F.3d 115 (4th Cir. 1995).

Finally, the Complaint also fails to state a claim based on "diversity of citizenship" because the assumed named Defendant is a federal agent/administrator who has no citizenship for purposes of determining diversity. *See General Ry. Signal Co. V. Corcoran*, 921 F.2d 700, 704-05 (7th Cir.1991); *Weeks Constr., Inc. V. Oglala Sioux Hous. Auth.*, 797 F.2d 669, 678 n. 10 (8th Cir. 1986); *CPS Electric, Ltd. V. U.S.*, 166 F. Supp.2d 727, 729 (N.D.N.Y. 2001). The $75,000 amount in controversy requirement is irrelevant for this matter because even if it could be met the diversity of citizenship requirement has not been satisfied.

## CONCLUSION

After a thorough review of the record, magistrate judge's Report and Recommendation, and the relevant case law, this Court finds that the magistrate judge applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate judge's Report and Recommendation and the Complaint is **DISMISSED.**

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 18, 2011
Charleston, South Carolina